1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8               FOR THE EASTERN DISTRICT OF CALIFORNIA

9   CARLENE ANDERSON,

10              Plaintiff,

11      vs.                          No. CIV S-05-1417 GEB GGH PS

12  ARNOLD SCHWARZENEGGER,

13              Defendant.           ORDER

14  _____/

15              Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

16  pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

17  72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

18              Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

19  § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

20              The determination that plaintiff may proceed in forma pauperis does not complete

21  the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

22  at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

23  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

24  an immune defendant.

25              A claim is frivolous if it has no arguable basis in law or fact.  Neitzke v. Williams,

26  490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson

1   v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

2          A complaint, or portion thereof, fails to state a claim if it appears beyond doubt

3   there is no set of supporting facts entitling plaintiff to relief.  Hishon v. King & Spalding, 467

4   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

5   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

6   this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp.

7   Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and

8   resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

9          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

10  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

11  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

12  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

13  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

14         The court cannot determine whether the complaint is frivolous or can be amended

15  to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1]  Rule 8 sets forth general

16  rules of pleading for the Federal Courts.  Rule 8(a) requires complaints to include: (1) the

17  grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim

18  showing entitlement to relief; and (3) a demand for relief.  The complaint meets none of these

19  requirements.

20         The complaint alleges that plaintiff could not get any help in the superior court.

21  She states:

22          [I]t took demurrers witch caused me not getting my own court appt
             mailed to me in 2 to 3 days or no longer than 7 days.  The bad
23          people got to take 3 ½ to 5 ½ months to make their appt. for us,
             they never showed up and the judges changed on me with no notice
24          and 3 judges dismissed my and my unborn by 8 years and 8 month
             old infant. [Sic.]

25

26      _____

        [1]  Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

                                        2

Compl. at 1.

The complaint does not allege a basis for this court's jurisdiction.  A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.  Id.  In any event, it is plaintiff's obligation to state the basis of the court's jurisdiction in the complaint, and plaintiff has not done so.

Plaintiff's allegations of errors in the state court might possibly be barred by the Rooker-Feldman doctrine if they are inextricably intertwined with the state court's prior judgment.

A federal district court does not have jurisdiction to review legal errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411- 1412 (D. Idaho 1996).  See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over § 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attack on state court judgment because of substantive defense improper under Rooker-Feldman).  That the federal district court action alleges the state court's action was unconstitutional does not change the rule.  See Feldman, 460 U.S. at 486, 103 S. Ct. at 1316-1317.  Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the  Rooker-Feldman doctrine.  Id. at 483-484 n. 16, 103 S. Ct. at 1315-1316 n. 16.  If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them.  Id.  "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim

1   succeeds only to the extent that the state court wrongly decided the issues before it." <u>Pennzoil</u>

2   <u>Co. v. Texaco, Inc.</u>, 481 U.S. 1, 25, 107 S. Ct. 1519, 1533 (1987) (Marshall, J., concurring).

3          The 9th Circuit clarified the doctrine in <u>Noel v. Hall</u>, 341 F.3d 1148 (9th

4   Cir.2003).  A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a

5   state court, and seeks relief from a state court judgment based on that decision is barred by

6   <u>Rooker-Feldman</u> because the federal court lacks subject matter jurisdiction.  <u>Id.</u> at 1164.  If, on

7   the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by

8   an adverse party, <u>Rooker-Feldman</u> does not bar jurisdiction.  <u>Id.</u>  But even if a federal plaintiff is

9   expressly seeking to set aside a state court judgment, <u>Rooker-Feldman</u> does not apply unless a

10   legal error by the state court is the basis for that relief.  <u>See</u> <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d

11   1136, 1140 (9th Cir. 2004).  Plaintiff is informed that if she expressly pleads that she is seeking

12   review of state law error, her complaint will be dismissed for lack of subject matter jurisdiction.

13          The requirement of a short and plain statement means a complaint must include

14   "sufficient allegations to put defendants fairly on notice of the claims against them." <u>McKeever</u>

15   <u>v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct.

16   99, 102 (1957); <u>Richmond v. Nationwide Cassel L.P.</u>, 52 F.3d 640, 645 (7th Cir. 1995) (vague

17   and scanty allegations fail to satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller,

18   <u>Federal Practice and Procedure</u> § 1202 (2d ed. 1990).  In this case, plaintiff names Arnold

19   Schwarzenegger as the sole defendant, but has not set forth how he violated her rights.

20          The Civil Rights Act under which this action was filed provides as follows:

21          Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the

22          deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at

23          law, suit in equity, or other proper proceeding for redress.

24   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

26   <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

4

1  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

3  omits to perform an act which he is legally required to do that causes the deprivation of which

4  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

5          Finally, the complaint must state the relief sought.  Plaintiff has failed to set forth

6  any relief sought.  Therefore, the complaint will be dismissed with leave to amend.

7          Plaintiff is informed the court cannot refer to prior pleadings in order to make an

8  amended complaint complete.  Local Rule 15-220 requires that an amended complaint be

9  complete in itself.  This is because, as a general rule, an amended complaint supersedes the

10  original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

11  plaintiff files an amended complaint, the original no longer serves any function in the case.

12  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

13  alleged in the amended complaint," <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

14  Cir.1981), and defendants not named in an amended complaint are no longer defendants.  <u>Ferdik</u>,

15  963 F.2d at 262 (9th Cir.).

16      Good cause appearing, IT IS ORDERED that:

17          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

18          2.  The complaint is dismissed, with leave to file an amended complaint within

19  thirty days from the date of service of this order.  Failure to file an amended complaint will result

20  in a recommendation that the action be dismissed.

21  DATED: 8/10/05

22                                          /s/ Gregory G. Hollows

23                                          _____
                                            GREGORY G. HOLLOWS,
                                            UNITED STATES MAGISTRATE JUDGE

24  ifp.amd
    Anderson1417.amd.wpd

25

26