IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLENE ANDERSON,

      Plaintiff,                            No. CIV S-05-1417 GEB GGH PS

   vs.

ARNOLD SCHWARZENEGGER,

      Defendant.                      FINDINGS & RECOMMENDATIONS

_____/

        By order filed August 10, 2005, plaintiff's complaint was dismissed and thirty days leave to file an amended complaint was granted. The thirty day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

        "District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir.1998). Before dismissing a case for failure to comply with a court order, the district court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.

1

1  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65
2  (9th Cir. 1986).

3        In determining to recommend that this action be dismissed, the court has
4  considered the factors set forth in Henderson.  Plaintiff's failure to comply with the court's order
5  has impeded expeditious resolution of the instant litigation and has burdened the court's docket,
6  consuming scarce judicial resources in addressing litigation which plaintiff demonstrates no
7  intention to pursue.  Although public policy favors disposition of cases on their merits, plaintiff's
8  failure to respond to the court's order has precluded the court from considering the merits of this
9  action.  In addition, defendants necessarily are prejudiced by delay in promptly initiating an
10 action.  Finally, the court concludes that there is no suitable alternative sanction, plaintiff
11 apparently having no intent to conduct this litigation in accord with accepted practice.

12       Accordingly, for the reasons set forth in the order filed August 10, 2005, and for
13 plaintiff's failure to comply with that order, IT IS HEREBY RECOMMENDED that this action
14 be dismissed with prejudice.  See Local Rule 11-110 (E.D. Cal. 1997); Fed. R. Civ. P. 41(b).

15       These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
17 after being served with these findings and recommendations, plaintiff may file written objections
18 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
19 and Recommendations."  Plaintiff is advised that failure to file objections within the
20 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
21 F.2d 1153 (9th Cir. 1991).

22 DATED: 1/10/06

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

24 GGH:035
ande1417.fta